# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **REBECCA JANAY SMITH** | : | **NO. 19-5753** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                          **February 10, 2020**

      Rebecca Janay Smith,[1] a defendant in a pending state court criminal action in Chester County Court of Common Pleas, has filed a document she has labelled as a "Notice of Removal." In the body of the document, she appears to be asserting civil rights claims against numerous police officers and a state prosecutor who were involved in her arrest and prosecution arising out of an incident on December 20, 2018.[2]

      Because Smith has not demonstrated that her case meets the substantive or procedural criteria for removal of her state court case under any statute allowing for removal of criminal prosecutions to federal court, we shall remand the action pursuant to 28 U.S.C. § 1447(c).

---

[1] Although Smith signs her name on the removal notice in several places as "Janay-Rebecca: Smith," *see* Not. of Removal (Doc. No. 1) at ECF 2, 5, 6, 30-32, she lists her name on the caption of the removal notice as "Rebecca Janay Smith," presumably because that is how she is named on the complaint filed by the police in the state criminal action. *See id.* at ECF 1, 9-18.

[2] Smith's removal notice is submitted on this court's *Pro Se* Non-Prisoner General Complaint form. Except for Smith listing herself as the defendant and the Commonwealth of Pennsylvania as the plaintiff and writing "Notice of Removal" in place of where "Complaint" normally appears, the filing is identical to what a *pro se* plaintiff submits when filing a complaint on that form. *See* Doc. No. 1 at ECF 1-5. Attached to her filing is a supplemental complaint, listing the names of the individual police officers and the prosecutor, calling them plaintiffs and herself a defendant. *See id.* at ECF 6-8. She also attaches the complaint filed by the police in the state criminal action, which includes the affidavit of probable cause submitted by Malvern Borough police officer Stephan Walker. *See id.* at ECF 9-18.

**Background**

The underlying state court criminal action arises out of an incident on the evening of December 20, 2018 that began with a traffic stop. According to the affidavit of probable cause attached to the criminal complaint, Malvern Borough police officer Tyler Bury observed Smith's vehicle fail to come to a complete stop at multiple stop signs. He stopped the vehicle in a shopping center parking lot. When he requested her driver's license, Smith stated that she did not have a license and was an "American National," and instead provided a National Identification Card with the name "Jahnay Rebekkah Bey" on it.[3] According to Smith, she told Officer Bury that she was not required to have a driver's license because she was not "trafficking goods nor at commerce."[4] Smith claims that after Bury continued to insist that she produce a driver's license or she would be detained, she requested the officer's supervisor to come to the scene. Officer Dougherty, who was not a supervisor, arrived.[5] He "confirmed" with Smith that "she was being detained until she could provide proper identification."

After running Smith's information on her identification card and the temporary Pennsylvania registration attached to Smith's vehicle, no record was found. The officers returned to Smith's car and "advised [her] to provide correct identification at this time" or she would be placed under arrest.[6] After being detained for about fifteen minutes, Smith requested to see a warrant, which the officers did not have.[7] Because Smith "was not

---

[3] Affidavit of Probable Cause (Doc. No. 1 at ECF 17).

[4] Supplemental Complaint (Doc. No. 1 at ECF 6, ¶ 2).

[5] *Id.* at ECF 6, ¶¶ 2-4.

[6] Affidavit of Probable Cause (Doc. No. 1 at ECF 17).

[7] Supplemental Complaint (Doc. No. 1 at ECF 6, ¶¶ 4-7).

2

being compliant," Officer Dougherty opened the driver's side front door and grabbed the right side of her jacket collar with his right arm and her right sleeve with his left arm, while Officer Bury grabbed her left arm, and they attempted to remove her from the vehicle. Smith resisted and hooked her arm under the steering wheel. Before Officer Dougherty could disentangle his left arm from her right sleeve, Smith revved the engine, placed the car into "drive," quickly accelerated and began to drive away. The officer was dragged approximately ten to fifteen feet before he was freed from the vehicle and rolled onto the parking lot pavement.[8] Smith alleges that she objected to the officers' forcible attempts to remove her from the car without a warrant because they were in violation of her constitutional rights, and that she "resisted arrest in self-defense and proceeded to leave the scene" in her car.[9]

Smith then fled in her vehicle "at a high rate of speed." The officers provided flash information to other officers in the area. She was apprehended approximately fifteen minutes later.[10] They arrested her using "rifles, full body search and handcuffs."[11] She was transported to the Malvern police station for "questioning, fingerprinting, photographing, and measurements" at approximately 10:00pm, and then transported to the Chester County Jail for booking at approximately 12:30am.[12] After spending the night in jail, she was brought before a Magistrate the next morning for a preliminary arraignment. She was charged with the commission of twenty crimes, including failing to

---

[8] Affidavit of Probable Cause (Doc. No. 1 at ECF 17).

[9] Supplemental Complaint (Doc. No. 1 at ECF 6, ¶¶ 8-9).

[10] Affidavit of Probable Cause (Doc. No. 1 at ECF 18).

[11] Supplemental Complaint (Doc. No. 1 at ECF 6, ¶ 11).

[12] *Id.* at ECF 7, ¶¶ 12-13.

stop at a stop sign, careless driving, resisting arrest, simple and aggravated assault, fleeing or attempting to elude an officer, reckless endangerment and attempted first degree murder of a police officer.[13]

After a preliminary hearing on January 16, 2019, Smith was held over for trial on all charges except the attempted murder charge. Her formal arraignment took place on January 24, 2019.[14] Trial was initially scheduled to begin on April 22, 2019, but after five trial continuances, on December 2, 2019, trial was scheduled to begin January 27, 2020.[15] Smith filed her "Notice of Removal" on December 6, 2019, and a copy of it was filed in the state court action and served on the District Attorney on December 10, 2019. On January 29, 2020, a jury found her guilty. She is currently awaiting sentencing.[16]

In her removal notice, Smith contends that twelve police officers from Tredyffrin, Easttown and Willistown Townships and Malvern Borough, and the Chester County District Attorney violated her Fifth and Sixth Amendment rights, as well as her right to due process, by falsely imprisoning her and committing assault and battery during the course of her arrest and booking procedures. She claims that Officers Bury and Dougherty falsely imprisoned her when they detained and arrested her at the traffic stop without a warrant. She contends that she was falsely imprisoned by the second group of officers who apprehended her after she fled the scene of the traffic stop because they failed to

---

[13] Magisterial District Judge Docket No. MJ-15102-CR-0000257-2018.

[14] *Id.* She was confined in Chester County prison for two and a half months, until she posted bail on March 6, 2019. *Id.*

[15] Ct. of Common Pleas of Chester County Docket No. CP-15-CR-0000183-2019.

[16] *Id.*

4

take her "to a judge or court immediately after arrest" and brought her to the county jail for booking without first making "attempts to take [her] before a judge or court." She claims that she continued to be falsely imprisoned when she was held in jail without a formal arraignment until four weeks later.[17] She alleges that they committed assault and battery as a result of her "arrest, handcuffing, imprisonment, physical search, forced fingerprinting, booking procedures and harassment."[18]

## Discussion

The Commonwealth did not respond to Smith's removal notice. Nevertheless, consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Smith cites no authority for removal of her criminal prosecution. She asserts that there is federal question jurisdiction based on the Commonwealth's alleged violation of her constitutional rights under the Fifth and Sixth Amendments and Due Process.[19] However, federal question jurisdiction applies only to civil actions. *See* 28 U.S.C. §§ 1331, 1441.

There are limited circumstances in which a criminal state court prosecution can be removed to federal court. The substantive grounds for removal are set forth in three

---

[17] Not. of Removal (Doc. No. 1 at ECF 2, 4); Supp'l. Compl. (Doc. No. 1 at ECF 6, ¶¶ 7-8, 13-14).

[18] Not. of Removal (Doc. No. 1 at ECF 4).

[19] *Id.* at ECF 2.

statutory provisions, 28 U.S.C. §§ 1442, 1442a and 1443. Section 1442(a) allows for removal of state civil and criminal actions against federal officers and agencies for acts done under color of law. Under section 1442a, members of the armed forces who are named as defendants in a state civil or criminal action for acts done under color of their office may remove the state court action. Section 1443, known as the Civil Rights Removal Statute, allows for removal of state civil actions and criminal prosecutions in two situations. First, a defendant "who is denied or cannot enforce in the [state] court . . . a right under any law providing for [her] equal civil rights" may remove the action to federal court. *Id.* § 1443(1). Second, federal officers and persons authorized to assist them "in affirmatively executing duties under any federal law providing for equal civil rights," as well as state officers who refuse to do an act because it would be inconsistent with civil rights laws may remove under section 1443(2). *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 689 (3d Cir. 2016) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)).

Section 1455 governs the procedure for removal of state court criminal prosecutions. The notice of removal must be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier," unless the defendant can show good cause for her failure to file within that time. 28 U.S.C. § 1455(b)(1). The notice "shall include all grounds for such removal," and the failure to state those grounds constitutes a waiver of that basis for removal. *Id.* § 1455(b)(1). Additionally, the state court is not prevented from proceeding in its criminal prosecution upon the filing of a notice of removal. *Id.* § 1455(b)(3).[20] The state court must halt the

---

[20] One exception to this rule is that a judgment of conviction shall not be entered until the prosecution is remanded. *Id.*

6

proceedings only after it is notified by the district court that it has determined that removal of the criminal prosecution is permitted. *Id.* § 1455(b)(5). If the district court determines that removal is not permitted, it shall remand the action. *Id.* § 1455(b)(4).

Smith has not demonstrated that her case meets the substantive or procedural criteria for removal under any of these statutes. She is not a federal or state officer, or a member of the armed forces. Thus, the only possible substantive basis for removal of her case is 28 U.S.C. § 1443(1).

The removal permitted under § 1443(1) is narrow. The removing defendant "must demonstrate both (1) that [s]he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that [s]he is 'denied or cannot enforce' that right in the [state] courts." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). To meet the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *Davis*, 107 F.3d at 1047 (quoting *Rachel*, 384 U.S. at 792). A defendant's broad claim of a Fourteenth Amendment due process violation "cannot support a valid claim for removal under § 1443, because the guarantees of th[at] clause are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Rachel*, 384 U.S. at 792.

To meet the second requirement, the removing defendant must allege that due to the "operation of a pervasive and explicit state or federal law[,] those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Davis*, 107 F.3d at 1049 (quoting *Peacock*, 384 U.S. at 828). In other words, the defendant must be

7

unable to enforce in the state court the right that was created by the civil rights law under which she seeks protection. *Brown-Bey*, 637 F. App'x at 688 (citing *Peacock*, 384 U.S. at 829-30).

Smith does not meet either requirement of section 1443(1). She does not allege that she is being denied a right arising under a federal law "providing for specific civil rights stated in terms of racial equality." Her allegations that the police officers violated her Fifth and Sixth Amendment and due process constitutional rights by falsely imprisoning her and committing assault and battery during the course of her arrest and booking procedures do not implicate any specific civil right protecting racial equality. None of the federal rights Smith invokes in her notice of removal specifically provide for racial equality. Rather, the rights she asserts are applicable to all persons regardless of race. *See Rachel*, 384 U.S. at 792-93 (contrasting laws specifically targeting racial equality, such as the Civil Rights Act of 1964 with those that confer equal rights to all, such as 42 U.S.C. § 1983 and the due process clause).

Nor has Smith identified any Pennsylvania law that would preclude her from vindicating her federal rights in state court nor has she shown that the state courts could not enforce those rights. She has not demonstrated that her federal civil rights "will inevitably be denied by the very act of" being prosecuted in state court.

Additionally, Smith's notice of removal is untimely. She was arrested for the charged offenses on December 20, 2018. Her preliminary arraignment occurred the next day, and her formal arraignment the next month, in January of 2019. Smith did not file her removal notice until December 6, 2019, more than ten months later. Under 28 U.S.C.

§ 1455(b)(1), the notice of removal must be filed within thirty days of the arraignment,[21] unless there is good cause for failure to file within that time. Smith has not shown any basis for taking so long to file the removal notice. Therefore, the notice of removal is untimely.

**Conclusion**

Smith has not demonstrated that her case meets the substantive or procedural criteria for removal of her state criminal action under any statute allowing for removal of criminal prosecutions. Because she is not a federal or state officer, or a member of the armed forces, she may not remove her case pursuant to 28 U.S.C. §§ 1442, 1442a and 1443. Because she does not allege that she is being denied a right arising under a federal law "providing for specific civil rights stated in terms of racial equality," or that any provision of state statutory or constitutional law expressly prohibits her from enforcing her federally protected rights in state court, she does not meet the requirements to remove pursuant to section 1443(1). Even if she were permitted to remove under that statute, she would be precluded from removal because her notice is untimely under section 1455(b)(1). Therefore, we shall remand the action pursuant to 28 U.S.C. § 1447(c).

/s/ TIMOTHY J. SAVAGE J.

---

[21] The removal notice must be filed before trial if it takes place less than thirty days after arraignment. 28 U.S.C. § 1455(b)(1).